1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10    JAMES M. C.,

11              Plaintiff,                     CASE NO. 3:19-CV-6017-DWC

12        v.                                   ORDER REVERSING AND
                                               REMANDING DEFENDANT'S
13    COMMISSIONER OF SOCIAL                   DECISION TO DENY BENEFITS
      SECURITY,
14
                 Defendant.
15

16          Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

17    Defendant's denial of his application for disability insurance benefits ("DIB"). Pursuant to 28

18    U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have

19    consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

20          After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

21    erred when he failed to properly consider the opinions of Physician's Assistant Emad

22    Aboujaoude, PA-C and Dr. Norman Staley, M.D. The ALJ also failed to properly consider

23    Plaintiff's subjective symptom testimony and Plaintiff's father's testimony. Had the ALJ

24    properly considered all the medical opinion evidence, Plaintiff's subjective symptom testimony,

1  and Plaintiff's father's testimony, the residual functional capacity ("RFC") assessment may have

2  included additional limitations. The ALJ's error is therefore not harmless, and this matter is

3  reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of

4  Social Security ("Commissioner").

5  <u>FACTUAL AND PROCEDURAL HISTORY</u>

6  On May 15, 2018, Plaintiff filed an application for DIB, alleging disability beginning

7  April 3, 2009. *See* Dkt. 8, Administrative Record ("AR") 15. The application was denied on

8  initial administrative review and reconsideration. AR 15, 157-59, 161-63. A hearing was held

9  before ALJ Vadim Mozyrsky on May 24, 2019. AR 36-55. At the hearing, Plaintiff amended his

10  alleged onset date to April 1, 2016. AR 15, 29. On July 1, 2019, the ALJ determined Plaintiff is

11  not disabled. AR 15-30. Plaintiff's request for review of the ALJ's decision was denied by the

12  Appeals Council, making the ALJ's decision the final decision of the Commissioner. AR 1-6; 20

13  C.F.R. §§ 404.981, 416.1481.[1]

14  In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly consider:

15  (1) the medical opinions of Physician's Assistant Emad Aboujaoude, PA-C and Dr. Norman

16  Staley, M.D.; (2) the Veteran's Affairs disability rating decision ("VA Rating"); (3) Plaintiff's

17  subjective symptom testimony; (4) the opinion of Plaintiff's father, James C.; and (5) the RFC

18  and Step 5 of the sequential evaluation process. Dkt. 10. Plaintiff requests remand for an award

19  of benefits. *Id.*

20

21

22

23       [1] Plaintiff also filed an application for DIB in 2011. *See* AR 15, 103. This application was denied by an ALJ in 2012 and affirmed by the Appeals Council in 2014. *See* AR 103-114. The non-disability determination

24  arising from the 2012 ALJ decision is not at issue in this case.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

1

STANDARD OF REVIEW

2      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

3 social security benefits if the ALJ's findings are based on legal error or not supported by

4 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

5 Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

6

DISCUSSION

7 **I.     Whether the ALJ properly considered the medical opinion evidence.**

8      Plaintiff contends the ALJ erred in his evaluation of the medical opinions of Mr.

9 Aboujaoude and Dr. Staley. Dkt. 10, pp. 3-4, 8-9.[2]

10     A.  Standard of Review

11      The regulations regarding evaluation of medical evidence have been amended for claims

12 protectively filed on or after March 27, 2017. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). As

13 Plaintiff filed his claim for DIB on May 15, 2018, the ALJ applied the new regulations. *See* AR

14 25-27.

15      In the new regulations, the Commissioner rescinded Social Security Regulation ("SSR")

16 06-03p and broadened the definition of acceptable medical sources to include Advanced Practice

17 Registered Nurses (such as nurse practitioners), audiologists, and physician assistants. *See* 20

18 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263. The Commissioner also

19 clarified that all medical sources, not just acceptable medical sources, can provide evidence that

20 _____

21     [2] Plaintiff also alleges the ALJ erred in his consideration of other medical evidence and findings that
support Plaintiff's subjective symptom testimony. *See* Dkt. 10, pp. 4-8. Plaintiff fails to allege any particularized
22 error with respect to this evidence. *See id.* As such, the Court will not consider whether the ALJ properly evaluated
the other medical evidence and findings. *See Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161
23 n.2 (9th Cir. 2008) (the court will not consider an issue that a plaintiff fails to argue "with any specificity in his
briefing"). The Court notes Plaintiff separately argued the ALJ failed to properly consider the medical evidence
24 when evaluating Plaintiff's subjective symptom testimony. The Court will consider this argument when assessing
whether the ALJ erred when he discounted Plaintiff's testimony.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

will be considered medical opinions. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263.

Additionally, the new regulations state the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to Rules*), 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017); *see also* 20 C.F.R. §§ 404.1520c (a), 416.920c(a). Instead, the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.152c(c), 416.920c(c). The most important factors are supportability and consistency. 20 C.F.R. §§ 404.152c(a), (b)(2), 416.920c(a), (b)(2).

Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a), (b)(1), 416.920c(a), (b)(1). The ALJ is specifically required to "explain how [he] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The parties dispute whether current Ninth Circuit law applies to claims filed after March 27, 2017. *See* Dkt. 10, 16, 17. The Ninth Circuit currently requires the ALJ to provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the Ninth Circuit has held the medical opinion

1  can be rejected "for specific and legitimate reasons that are supported by substantial evidence in

2  the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir.

3  1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

4       At this time, the Ninth Circuit has not issued a decision stating whether it will continue to

5  require an ALJ to provide "clear and convincing" or "specific and legitimate reasons," or some

6  variation of those standards, when analyzing medical opinions. Regardless, it is not clear the

7  Court's consideration of the adequacy of an ALJ's reasoning under the new regulations differs

8  from the current Ninth Circuit standards in any significant respect. The new regulations require

9  the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ

10 considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b),

11 416.920c(a), (b). The new regulations appear to, at the least, require an ALJ to specifically

12 account for the legitimate factors of supportability and consistency in addressing the

13 persuasiveness of a medical opinion. Furthermore, the Court must continue to consider whether

14 the ALJ's decision is supported by substantial evidence. *See* 82 Fed. Reg. at 5852 ("Courts

15 reviewing claims under our current rules have focused more on whether we sufficiently

16 articulated the weight we gave treating source opinions, rather than on whether substantial

17 evidence supports our final decision.").

18       Therefore, based on the above considerations, the Court will determine whether the

19 ALJ's decision is free of legal error and supported by substantial evidence.

20       B.  Mr. Aboujaoude

21       Plaintiff first asserts the ALJ failed to properly consider Mr. Aboujaoude's opinion. Dkt.

22 10, pp. 3-4.

23

24

Mr. Aboujaoude, a physician's assistant, completed Disability Benefits Questionnaires regarding Plaintiff's right upper extremity. AR 1233-52. He stated Plaintiff suffers from residuals of a radial head fracture of his right elbow and radial nerve injury with limitation of extension of the right wrist. AR 1234, 1245. Mr. Aboujaoude stated Plaintiff's range of motion in his right elbow was abnormal, contributing to Plaintiff's loss of function. AR 1235-36. Plaintiff had a reduction in muscle strength in his right elbow and wrist, with 4/5 in flexion, extension, grip, and pinch. AR 1239, 1246-47. Plaintiff had hypoactive reflexes in his right triceps and brachioradialis; his left arm and right bicep had normal reflexes. AR 1247. Plaintiff also had muscle atrophy in his right arm. AR 1240. On a sensory exam, Plaintiff's right inner/outer forearm and hand/fingers had decreased sensations. AR 1247. Plaintiff had a normal gait and tested negative for Phalen's sign and Tinel's sign. AR 1248.

Mr. Aboujaoude determined Plaintiff was limited to 65 degrees of pronation and supination in his right elbow. AR 1241. He also determined Plaintiff had moderate, incomplete paralysis in his right radial nerve and right ulnar nerve. AR 1248. Mr. Aboujaoude opined that Plaintiff "would not be able to perform any physically demanding employment requiring . . . pushin[g], pulling, lifting or twisting activities with the right upper extremity. He would be able to perform sedentary employment with the use of voice recognition software for situations that require prolonged typing." AR 1244, 1251-52. He stated Plaintiff's condition is moderate in severity. AR 1244, 1252.

The ALJ discussed Mr. Aboujaoude's opinion and found the opinion was not persuasive because the opinion is (1) inconsistent with the medical record; (2) lacks supportability; and (3) inconsistent with Plaintiff's activities of daily living. AR 26-27.

1    First, the ALJ found Mr. Aboujaoude's opinion not persuasive because it is inconsistent

2    with the medical records. AR 26-27. An ALJ need not accept the opinion of a physician if the

3    opinion is inadequately supported "by the record as a whole" or his clinical findings. *See Batson*

4    *v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also*

5    *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding inconsistencies between a

6    medical opinion and the medical records was sufficient to discount the doctor's opinion).

7    However, the ALJ must do more than offer his conclusions. *Embrey*, 849 F.2d at 421. Rather,

8    "the ALJ [must] provide detailed, reasoned, and legitimate rationales for disregarding the

9    physicians' findings." *Id*. at 422.

10    Here, the ALJ stated Mr. Aboujaoude's opinion that Plaintiff is limited to sedentary work

11    is inconsistent with Plaintiff's intact gait and intact strength, apart from his right hand. AR 26-27.

12    The treatment records indicate Plaintiff's gait was normal. *See* AR 410, 463, 494, 526, 532, 537,

13    552, 562, 566, 576, 1376. Further, Mr. Aboujaoude found Plaintiff's gait was normal. AR 1248.

14    The records also show Plaintiff's strength was 5/5 throughout, except he had "decreased bulk

15    and tone in his ulnar and radial distribution with 3/5 strength and radial distribution, 5 minus/5 in

16    ulna." *See* AR 552, 562, 566, 576, 1376. As discussed above, Mr. Aboujaoude also found

17    Plaintiff's strength was limited in his right arm, but normal in his left. AR 1246-47.

18    Mr. Aboujaoude limited Plaintiff to sedentary work based on Plaintiff's limitations in

19    pushing, pulling, lifting, and twisting activities with the right upper extremity. *See* AR 1244,

20    1251-52. There is no indication Mr. Aboujaoude's opinion is based on Plaintiff's ability to walk.

21    *See* AR 1244, 1251-52. Moreover, Mr. Aboujaoude's opinion is based on his examination of

22    Plaintiff finding Plaintiff had decreased strength in his right arm and normal strength in this left

23    arm. Thus, records showing Plaintiff's gait is normal and he has normal strength in his left arm

24

1    are not inconsistent with Mr. Aboujaoude's findings or opinion. Furthermore, the ALJ failed to

2    explain why the medical records, which are consistent with Mr. Aboujaoude's findings, are

3    inconsistent with Mr. Aboujaoude's opinion. Therefore, the ALJ's finding that Mr.

4    Aboujaoude's opinion not persuasive because it is inconsistent with the record is not free of legal

5    error and supported by substantial evidence.

6          Second, the ALJ found Mr. Aboujaoude's opinion was not persuasive because the

7    "opinion's support is . . . lacking due to its vague terms. Instead of identifying a weight limit for

8    lifting, the opinion includes a limitation from 'physically demanding employment' which is an

9    unclear term." AR 27. Here, Mr. Aboujaoude stated Plaintiff "would not be able to perform any

10   physically demanding employment requiring . . . pushin[g], pulling, lifting or twisting activities

11   with the right upper extremity. He would be able to perform sedentary employment. . ." Reading

12   Mr. Aboujaoude's opinion as a whole, the opinion limits Plaintiff's pushing, pulling, lifting, and

13   twisting activities to those consistent with a sedentary job. Sedentary work is defined, in part, as

14   "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket

15   files, ledgers, and small tools." SSR 83-10. Contrary to the ALJ's finding, Mr. Aboujaoude's

16   opinion identifies a weight limit for lifting: no more than 10 pounds at a time. Thus, Mr.

17   Aboujaoude's opinion does not lack supportability because of its vagueness and the ALJ's

18   second reason for finding the opinion not persuasive is not free of legal error and supported by

19   substantial evidence. *See Kristin E. v. Commissioner of Social Security*, 2020 WL 4219673, at *3

20   (W.D. Wash. July 23, 2020) (finding "[v]agueness was not a sufficient reason to discount the

21   opinion" of a medical source).

22         Third, the ALJ found Mr. Aboujaoude's opinion was not persuasive because it was

23   inconsistent with Plaintiff's activities of daily living. AR 27. "A conflict between a treating

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

1  physician's opinion and a claimant's activity level is a . . . legitimate reason for rejecting the

2  opinion." *See Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (citing *Rollins v. Massanari*,

3  261 F.3d 853, 856 (9th Cir 2001)). In this case, the ALJ stated Mr. Aboujaoude's opined

4  limitations are inconsistent with Plaintiff's ability to cook, clean, vacuum, do laundry, and mow,

5  which typically require more than occasional use of the arms. AR 27.

6       The record shows Plaintiff prepares his own meals, but prepares meals that do not require

7  much effort or can last him for three to five days. AR 43. Plaintiff is also able to do household

8  chores, such as cleaning and vacuuming, with difficulty. AR 43. Plaintiff stated it can take him

9  all day to complete chores and he only completes chores once per week or less. AR 255. While

10 cooking, cleaning, vacuuming, doing laundry, and mowing could require more than occasional

11 use of the arms, the record reflects Plaintiff's ability to do chores is very limited which is not

12 inconsistent with Mr. Aboujaoude's opinion. Therefore, the ALJ's finding that Mr.

13 Aboujaoude's opinion not persuasive because it is inconsistent with Plaintiff's activities of daily

14 living is not free of legal error and supported by substantial evidence.

15      For the above stated reasons, the Court finds the ALJ has failed to provide legally valid

16 reasons, supported by substantial evidence for finding Mr. Aboujaoude's opinion not persuasive.

17 Therefore, the ALJ erred.

18      "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

19 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

20 claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

21 *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

22 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless

23 unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony,

24

1  could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173

2  (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is

3  harmless requires a "case-specific application of judgment" by the reviewing court, based on an

4  examination of the record made "'without regard to errors' that do not affect the parties'

5  'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396,

6  407 (2009)).

7       Had the ALJ found Mr. Aboujaoude's opinion persuasive, the ALJ would have included

8  additional limitations in the RFC. For example, Mr. Aboujaoude limited Plaintiff to sedentary

9  work. AR 1244, 1251-52. In the RFC, the ALJ limited Plaintiff to light work with limitations.

10  AR 22. The limitations did not include, for example, the lifting, pushing, pulling, or twisting

11  limitations as opined to by Mr. Aboujaoude. Therefore, if Mr. Aboujaoude's opinion was found

12  to be persuasive and additional limitations were included in the RFC and in the hypothetical

13  questions posed to the vocational expert, the ultimate disability determination may have changed.

14  Accordingly, the ALJ's errors are not harmless and require reversal.

15       C.  Dr. Staley

16       Plaintiff next argues the ALJ erred in rejecting the opinion of Dr. Staley. Dkt. 10, pp. 8-9.

17  On August 16, 2018, Dr. Staley completed a physical residual functional capacity assessment

18  regarding Plaintiff's functional abilities. *See* AR 133-36. Dr. Staley opined, in relevant part, that

19  Plaintiff was limited to occasional lifting of 20 pounds and frequent lifting of 10 pounds. AR

20  133. Plaintiff was also limited to occasional pushing, pulling, and overhead reaching with his

21  right upper extremities. AR 133-34. Dr. Staley based his findings on the medical records

22  indicating Plaintiff suffered from a traumatic injury to his right upper extremity with multiple

23

24

1  surgical interventions and exams showing decreased bulk, tone, and strength in his right upper

2  extremity. AR 134-35.

3     The ALJ found Dr. Staley's opinion is not persuasive because Dr. Staley's opined

4  limitations on pushing, pulling, and overheard reaching are (1) inconsistent with the medical

5  record and (2) inconsistent with Plaintiff's activities of daily living. AR 26.

6     First, the ALJ determined Dr. Staley's opinion is not persuasive because it is inconsistent

7  with the record. AR 26. The ALJ stated the record does not show Plaintiff has shoulder

8  impairments, including no diminished range of motion nor diminished strength. AR 26. As stated

9  above, "the ALJ [must] provide detailed, reasoned, and legitimate rationales for disregarding the

10  physicians' findings." *Embrey*, 849 F.2d at 422. Here, the record shows Plaintiff has limitations

11  in his right upper extremities, including decreased range of motion and decreased strength. *See*

12  AR 1234-50. The ALJ did not explain why the records, or a lack thereof, regarding Plaintiff's

13  shoulder are inconsistent with limitations in Plaintiff's ability to push, pull, or reach overhead

14  with his upper extremity impairments. As the ALJ did not adequately explain why Dr. Staley's

15  interpretation of the evidence is inconsistent with the record, the ALJ's first reason for finding

16  Dr. Staley's opinion not persuasive is not free of legal error and supported by substantial

17  evidence.

18     Second, the ALJ found Dr. Staley's opinion was inconsistent with Plaintiff's activities of

19  daily living because Plaintiff's activities of daily living would typically require more than

20  occasional use of the arms. AR 26. As discussed above, Plaintiff does not perform the chores

21  cited by the ALJ more than once per week. *See* Section I,B., *supra*; AR 255. Further, Plaintiff

22  has difficulties completing chores, such as vacuuming and mowing. AR 43. As Plaintiff's

23  testimony shows limited daily activities, Plaintiff's activities are not inconsistent with Dr.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 11

1    Staley's opined limitations in lifting, carrying, pushing, pulling, and reaching. *See* Section I.B.,

2    *supra*. Thus, the ALJ's second reason for finding Dr. Staley's opinion not persuasive is not free

3    of legal error and supported by substantial evidence.

4           In sum, the ALJ failed to show Dr. Staley's opinion lacked consistency and

5    supportability. As the ALJ has not provided reasons for discounting Dr. Staley's opinion which

6    are free of legal error and supported by substantial evidence, the ALJ erred in his consideration

7    of Dr. Staley's opinion. Had the ALJ found Dr. Staley's opinion persuasive, the RFC and

8    questions posed to the vocational expert may have contained additional limitations in Plaintiff's

9    ability to lift, carry, push, pull, and reach overhead his with right upper extremity. Accordingly,

10   the ALJ's error is not harmless and requires reversal.

11          D.   Conclusion

12          The Court finds the ALJ committed harmful error when he failed to properly consider the

13   opinions of Mr. Aboujaoude and Dr. Staley. On remand, the ALJ is directed to re-evaluate all the

14   medical evidence, including the opinions of Mr. Aboujaoude and Dr. Staley.

15          **II.      Whether the ALJ properly considered the VA Rating.**

16          Plaintiff asserts the ALJ erred in his consideration of the VA Rating. Dkt. 10, pp. 9-10.

17          Under the previous regulations, an ALJ was required to consider the VA's disability

18   determination in reaching his disability decision. *See McCartey v. Massanari*, 298 F.3d 1072,

19   1076 (9th Cir. 2002). However, under the new regulations, which apply in this case, the

20   Commissioner "will not provide any analysis in [his] determination or decision about a decision

21   made by any other governmental agency or a nongovernmental entity about whether [the

22   claimant is] disabled, blind, employable, or entitled to any benefits." 20 C.F.R. § 404.1504. The

23   ALJ will, however, "consider all of the supporting evidence underlying the other governmental

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 12

1    agency or nongovernmental entity's decision" that is received as part of the social security

2    disability claim. *Id.*

3          Here, the record indicates Plaintiff had a 90% disability rating based on his service-

4    connected impairments. AR 1399. The ALJ stated he was not considering the VA Rating under

5    the new regulations. AR 27. While unclear, the ALJ appeared to consider at least some of the

6    evidence supporting the VA Rating. *See* AR 23-24. However, as it is not clear the ALJ

7    considered all the evidence supporting the VA Rating and as this case is being remanded for

8    reconsideration of all the medical evidence, the ALJ is directed to consider all the supporting

9    evidence underlying the VA Rating that was submitted as part of Plaintiff's disability claim.

10       **III.**    **Whether the ALJ provided specific, clear, and convincing reasons for finding Plaintiff's subjective symptom testimony not fully supported.**

11

12          Plaintiff contends the ALJ erred by failing to provide specific, clear, and convincing

13    reasons for finding Plaintiff's subjective symptom testimony not fully supported. Dkt. 10, pp. 10-

14    15. To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons

15    for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify what

16    testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill*

17    *v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is

18    malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and

19    convincing." *Lester*, 81 F.2d at 834. Questions of credibility are solely within the control of the

20    ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).[3] The Court should not "second-

21

22         [3] On March 28, 2016, the Social Security Administration changed the way it analyzes a claimant's subjective symptom testimony. *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24,

23    2016). The term "credibility" is no longer used. 2016 WL 1119029, at *1. Further, symptom evaluation is no longer an examination of a claimant's character. *See id.* at *10 ("adjudicators will not assess an individual's overall character or truthfulness"). However, the applicable Ninth Circuit case law still refers to the term "credibility." *See*

24    *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (noting SSR 16-3p is consistent with existing Ninth

1    guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In

2    addition, the Court may not reverse the ALJ's determination regarding Plaintiff's testimony

3    where that determination is based on contradictory or ambiguous evidence. *Id.* at 579.

4            Plaintiff testified that in a typical day he is able to bathe, brush his teeth, and perform

5    daily functions. AR 42. After getting up, he "pretty much lay[s] down" with some background

6    noise so it is not as boring. AR 42. Plaintiff prepares his own meals, but prepares meals that do

7    not require much effort or can last him for three to five days. AR 43. Plaintiff is also able to do

8    household chores, such as cleaning and vacuuming, with difficulty. AR 43. He has migraines

9    every day. AR 41. Plaintiff has not received relief from any medications, including Botox and

10   Aimovig injections, and suffered from side effects from several of the medications. AR 41, 47-

11   48. His migraines can cause his vision to be "constantly blurred." AR 42.  Further, when he

12   attempts to mow the yard, vacuum, or do the dishes, his migraines intensify and he has to lay

13   down for longer periods of time. AR 43. Plaintiff has glasses that assist with light sensitivity; the

14   glasses provide some help, but not enough to say the glasses "work." AR 43-44. Plaintiff

15   testified he stopped attending school because of his migraines. AR 46.

16           Plaintiff also completed a Function Report-Adult on July 10, 2018, wherein he stated he

17   suffers from migraines and pain throughout his body. AR 253-60. He spends his day laying

18   down because he is in pain. AR 254. He watches television or listens to music and prepares one

19   meal a day or buys his meals. AR 254. Plaintiff prepares meals such as cereal, sandwiches, rice,

20   eggs, frozen pizza, salads, and spaghetti. AR 255. It can take Plaintiff all day to complete chores

21   and he only completes chores once per week or less. AR 255. Plaintiff sometimes babysits his

22

23   _____

24   Circuit precedent). Thus, at this time, the Court will use "credibility" and "subjective symptom testimony"
     interchangeably.

1   nieces and nephews. AR 254. When he babysits, he prepares lunch and plays with the children as

2   best he can. AR 254. He spends time with friends or family once per week. AR 257. Plaintiff

3   states his impairments affect his ability to: lift, squat, bend, stand, reach, walk, sit, kneel, climb

4   stairs, see, remember, complete tasks, concentrate, and use his hands. AR 258.

5          The ALJ found Plaintiff's "medically determinable impairments could reasonably be

6   expected to cause the alleged symptoms; however, the claimant's statements concerning the

7   intensity, persistence and limiting effects of these symptoms are not entirely consistent with the

8   medical evidence and other evidence in the record[.]" AR 23. The ALJ discussed the medical

9   evidence and determined Plaintiff's complaints were not fully supported because (1) the objective

10  medical evidence did not support his complaints and (2) Plaintiff's complaints were inconsistent

11  with his activities of daily living. AR 22-25.

12         First, the ALJ found Plaintiff's testimony was not "entirely consistent with the medical

13  evidence" and the objective findings. AR 23-25. Determining a claimant's complaints are

14  "inconsistent with clinical observations" can satisfy the clear and convincing requirement.

15  *Regennitter*, 166 F.3d at 1297; *see also Fisher v. Astrue*, 429 F. App'x 649, 651 (9th Cir. 2011).

16  However, "an ALJ does not provide specific, clear, and convincing reasons for rejecting a

17  claimant's testimony by simply reciting the medical evidence in support of his or her residual

18  functional capacity determination." *Brown-Hunter*, 806 F.3d at 489. Rather, to discount a

19  claimant's testimony, an ALJ "must state *which* testimony is not credible and what evidence

20  suggests the complaints are not credible." *Dodrill*, 12 F.3d at 917 (emphasis added); *see also*

21  *Lester*, 81 F.3d at 834.

22         Here, the ALJ summarized evidence contained in the medical records, but the ALJ did

23  not link the cited medical records to any specific testimony or statements the ALJ discounted.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 15

1   *See* AR 23-25. The ALJ simply recited the medical evidence he determined supported his RFC

2   determination. In only providing a recitation of the medical evidence, the ALJ failed to identify

3   *which* testimony is not consistent with the medical evidence and *why* Plaintiff's testimony is

4   discounted based upon the alleged inconsistencies. *See Dodrill*, 12 F.3d at 917. Accordingly, the

5   ALJ's first reason for discounting Plaintiff's testimony is not free of legal error.

6           Second, while not explicitly stated, the ALJ discounted Plaintiff's testimony because his

7   testimony was inconsistent with his activities of daily living. *See* AR 25 (in discussing Plaintiff's

8   subjective complaints, the ALJ stated "activities of daily living are consistent with the above

9   residual functional capacity"). The Ninth Circuit has recognized two grounds for using daily

10  activities to form the basis of an adverse credibility determination: (1) whether the activities

11  contradict the claimant's other testimony and (2) whether the activities of daily living meet "the

12  threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

13          Here, the ALJ summarized portions of Plaintiff's testimony regarding his daily activities.

14  AR 30-31. The ALJ, however, failed to explain how Plaintiff's daily activities were inconsistent

15  with his testimony, nor did the ALJ assert Plaintiff's activities met the threshold for transferable

16  work skills. *See* AR 25. Rather, the ALJ found only that Plaintiff's daily activities were consistent

17  with the RFC. As the ALJ did not explain "*which* daily activities conflicted with *which* part of

18  [Plaintiff's] testimony," the ALJ erred in rejecting Plaintiff's subjective symptom testimony

19  because of his activities of daily living. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014);

20  *see Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an

21  accurate and logical bridge from the evidence to her conclusions so that we may afford the

22  claimant meaningful review of the SSA's ultimate findings.").

23          Moreover, the record does not support the ALJ's finding that Plaintiff's activities of daily

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 16

living are consistent with the RFC. The ALJ first concluded Plaintiff's ability to groom himself, cook simple meals, do laundry, clean, mow the lawn, vacuum, shop, and do dishes was consistent with sustained standing and walking and light lifting and carrying. AR 25. While Plaintiff testified he could do some chores, he stated it takes him all day to complete chores and he only completes chores one day per week or less. AR 255. Further, when he does chores, his migraines intensify and he has to lay down for longer periods of time. AR 43. As such, the Court finds the record does not support the ALJ's finding that Plaintiff's limited ability to do chores is consistent with sustained standing and walking and light lifting and carrying eight-hours per day, five days per week, as required by the RFC.

The ALJ next found Plaintiff's ability to baby sit and go crabbing were consistent with occasional postural limitations and light exertional work. AR 25. Plaintiff states that he sometimes babysits his nieces and nephews and, when he does, he prepares lunch and plays with them as best he can. AR 254. The record is silent as to the ages of Plaintiff's nieces and nephews, the level of care required to babysit, how often he babysits, and the amount of time he spends babysitting on each occasion. The ALJ also cites to one treatment note to find Plaintiff's ability to go crabbing is consistent with the RFC. AR 25. However, the cited treatment note states that Plaintiff presented to the doctor with a new complaint of "multifocal joint and muscle pain with leg swelling while crabbing." AR 1217. There is no indication from this single treatment note Plaintiff was actively crabbing and was able to crab. Rather, the treatment note indicates Plaintiff experienced pain and leg swelling when he attempted to go crabbing. The records detailing Plaintiff's occasional babysitting and one-time crabbing trip directly contradict the ALJ's assertion that Plaintiff's activities show he is able to keep up with children and set and retrieve crab traps consistent with occasional postural activities and light exertional levels. Therefore, the

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 17

1    Court finds the record does not support the ALJ's finding that Plaintiff's limited babysitting and

2    one-time crabbing trip is consistent with Plaintiff performing occasional postural activities and

3    light exertional levels eight-hours per day, five days per week, as required by the RFC. *See*

4    *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (recognizing "disability claimants should not

5    be penalized for attempting to lead normal lives in the face of their limitations").

6           For the above stated reasons, the Court finds the ALJ did not adequately explain how

7    Plaintiff's activities of daily living conflict with his testimony. Further, the ALJ's finding that

8    Plaintiff's activities of daily living are consistent with the RFC is not supported by the record.

9    Accordingly, the ALJ's second reason for discounting Plaintiff's subjective symptom testimony is

10   not supported by substantial evidence.

11          In conclusion, the Court finds the ALJ failed to provide a specific, clear, and convincing

12   reason for discounting Plaintiff's subjective symptom testimony. Accordingly, the ALJ erred.[4]

13          As discussed above, harmless error principles apply in the social security context.

14   *Molina*, 674 F.3d at 1115. Here, Plaintiff testified to greater limitations than the limitations

15   included in the RFC. For example, Plaintiff testified he spends most of his day laying down

16   because of his migraines and body pain. When he does perform chores, his symptoms intensify

17   and he must lay down for longer periods of time. In contrast, the RFC limited Plaintiff light work

18   with additional restrictions, which limits Plaintiff to standing or walking, off and on, for total of

19

20   _____

21          [4] Defendant also asserts the ALJ discounted Plaintiff's testimony because Plaintiff showed improvement
     after surgery and did not consistently use medication. Dkt. 15, p. 5. The Court has reviewed the ALJ's decision and
     considered Defendant's arguments. The Court does not find the ALJ provided these two additional reasons for
22   discounting Plaintiff's testimony. Rather, the ALJ merely noted Plaintiff's improvement after surgery and
     medication use in his recitation of the medical evidence cited to support his RFC determination. The ALJ again
     failed to link Plaintiff's testimony to the evidence to show inconsistencies. Further, Plaintiff testified that he
23   attempted several different medications, but received no relief or suffered from side effects. *See* AR 41, 47-48. Thus,
     had the ALJ discounted Plaintiff's complaints because of his lack of consistent medication use, this reason would
24   not be supported by substantial evidence. For these reasons, the Court is not persuaded by Defendant's argument.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 18

approximately 6 hours of an 8-hour workday. *See* AR 22; SSR 83-10. Had the ALJ properly

considered Plaintiff's subjective symptom testimony, he may have included additional

limitations in the RFC and in the hypothetical questions posed to the vocational expert. As the

ultimate disability determination may have changed, the ALJ's error is not harmless and requires

reversal.

Plaintiff also alleges the ALJ erred in failing to consider the opinion of Plaintiff's father,

James C. Dkt. 10. Defendant concedes the ALJ erred when he did not discuss James C.'s

opinion. Dkt. 16. However, Defendant states that, because the reasons for discounting Plaintiff's

testimony apply equally to discounting James C.'s opinion, this error is harmless. *Id*. at p. 16

(citing *Molina*, 674 F.3d at 1122). The ALJ failed to provide proper reasons for discounting

Plaintiff's testimony. Therefore, the ALJ's error in failing to consider James C.'s opinion is not

harmless. Thus, on remand, the ALJ must also consider James C.'s opinion and, if discounting

the opinion, provide legally sufficient reasons for doing so.

## IV.   Whether the ALJ erred in assessing Plaintiff's RFC and finding Plaintiff not disabled at Step 5.

Plaintiff contends the ALJ erred in assessing his RFC and finding him not disabled at

Step 5 of the sequential evaluation process because the RFC and hypothetical questions did not

contain all Plaintiff's functional limitations. Dkt. 10, p. 18. The Court concludes the ALJ

committed harmful error when he failed to properly consider: the opinions of Mr. Aboujaoude

and Dr. Staley, Plaintiff's subjective symptom testimony, and James C.'s opinion. *See* Sections I

& III, *supra*. On remand, the ALJ is directed to re-evaluate the medical evidence, Plaintiff's

subjective symptom testimony, and James C.'s opinion. *See* Sections I, II, & III, *supra*. The ALJ

must therefore reassess the RFC on remand. *See* SSR 96-8p ("The RFC assessment must always

consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*,

1   574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's

2   limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, he must also re-

3   evaluate the findings at Step 5 to determine if there are jobs existing in significant numbers in the

4   national economy Plaintiff can perform in light of the new RFC. *See Watson v. Astrue*, 2010 WL

5   4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical

6   questions posed to the vocational expert defective when the ALJ did not properly consider a

7   doctor's findings).

8       **V.      Whether this case should be remanded for an award of benefits.**

9           Plaintiff argues this matter should be remanded with a direction to award benefits. *See*

10  Dkt. 10, pp. 18-19. The Court may remand a case "either for additional evidence and findings or

11  to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the

12  Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand

13  to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587,

14  595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for

15  determining when evidence should be credited and an immediate award of benefits directed[.]"

16  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded

17  where:

18          (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
            claimant's] evidence, (2) there are no outstanding issues that must be resolved
19          before a determination of disability can be made, and (3) it is clear from the record
            that the ALJ would be required to find the claimant disabled were such evidence
20          credited.

21  *Smolen*, 80 F.3d 1273 at 1292; *McCartey*, 298 F.3d at 1076-77.

22          For the reasons discussed in this Order, the Court has determined the ALJ must re-

23  evaluate the medical evidence, including the opinions of Mr. Aboujaoude and Dr. Staley and the

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 20

1   evidence supporting the VA Rating, Plaintiff's subjective symptom testimony, the opinion of

2   James C., and whether Plaintiff is capable of performing jobs existing in significant numbers in

3   the national economy. Therefore, there are outstanding issues which must be resolved and

4   remand for further administrative proceedings is appropriate.

5                                                          CONCLUSION

6          Based on the foregoing reasons, the Court finds the ALJ improperly concluded Plaintiff

7   was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter

8   is remanded for further administrative proceedings in accordance with the findings contained

9   herein.

10          Dated this 31st day of July, 2020.

11

12                                                          _____
                                                            David W. Christel
13                                                          United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 21